**Josephine KEMP, Appellant,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare of the United States of America, Appellee.**

No. 74–1338.

United States Court of Appeals, Ninth Circuit.

July 14, 1975.

---

The action below was brought pursuant to Section 205(g) of the Social Security Act (42 U.S.C. § 405(g)) to review a final determination of the Secretary of Health, Education and Welfare. The district court upheld the Secretary's determination that claimant was not disabled and was, therefore, not entitled to disability insurance benefits. Claimant has appealed to this court, contending that the trial court erred in finding that the Secretary's conclusion was supported by substantial evidence and in failing to find that the Secretary applied improper legal standards in evaluating the evidence presented. Claimant also argues on appeal that even if the previous administrative decision was correct in light of the evidence presented at the time, the district court erred in refusing to remand the case to be re-opened for the consideration of new evidence. Because we agree with claimant's last contention, we find it unnecessary to decide whether the Secretary failed to apply proper legal standards or whether the final determination was supported by substantial evidence.

Claimant Kemp submitted new evidence to the district court which, she argues, required the case to be remanded for "good cause" under 42 U.S.C. § 405(g).[1]

Alan Goldhammer, Legal Aid Foundation of Los Angeles, Myles Phillip Burton, Los Angeles, Cal., for appellant.

William D. Keller, U. S. Atty. and Donald J. Merriman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

## MEMORANDUM DECISION

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and CONTI,* District Judge.

Notwithstanding claimant's introduction of new evidence before the district court and her motion that the case be reopened to consider such new evidence, the district court seems to have ignored the issue and neglected to state any decision with regard to that motion. This case thus parallels *Estep v. Richardson*, 465 F.2d 969 (6th Cir. 1972), a case in which the Circuit Court remanded the issue to the district court, based upon

---

* Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

1. Section 405(g) provides in pertinent part:
   "  .   .   .   the court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, .   .   .."

the court's finding that the trial court had failed to consider a similar motion.

A separate analysis of the general standard for remanding for good cause under 42 U.S.C. § 405(g) also requires remand. The standard was initially set out in *Wray v. Folsom*, 166 F.Supp. 390 (W.D.Ark.1958), wherein the court stated:

"In these circumstances, courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute". *Ibid.* at 395.

Applying that standard to the new evidence submitted to the district court by the claimant, remand for the purpose of re-opening the hearing and considering the new evidence would appear to be appropriate.

The new evidence submitted consisted of medical reports which were made subsequent to the administrative denial of benefits and which contain evidence with regard to claimant's alleged disability, particularly in reference to her arthritis. Although the medical observations discussed in those reports were made after the relevant period for disability under the Social Security Act, they are nonetheless relevant here, where claimant has previously introduced evidence as to her history of osteoarthritis and where the new evidence reveals that claimant's present arthritic condition is the result of a degenerative process. *See, Story v. Richardson*, 356 F.Supp. 1182 (E.D.Tenn. 1972). It thus appears that the new evidence submitted to the district court "bears directly and substantially on the matter in dispute." There is no evidence that either party will be prejudiced by the introduction of the new evidence. We must, therefore, conclude that the new evidence submitted to the district court justifies a re-opening of the hearings for consideration of such new evidence.

Remanded to the district court for further proceedings consistent with this opinion.