**Louis GOERG, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 79–3790.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 1981.

Decided April 9, 1981.

Louis Goerg, pro se.

Jerry J. Bassett, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before ALARCON, FERGUSON and RE-INHARDT, Circuit Judges.

FERGUSON, Circuit Judge:

In 1976, the plaintiff filed applications for disability insurance and supplemental security income benefits, alleging that he had been unable to work since October 1974 because of asthma, past mental illness, and an eye defect.

In 1977, an administrative law judge found that the plaintiff was not suffering from the statutorily defined disability. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3).

Plaintiff then brought an action in the district court seeking review of the Secretary's decision affirming the administrative law judge. 42 U.S.C. § 405(g). That court granted the Secretary's motion for summary judgment.

After the district court decision was entered, the plaintiff discovered that he had inoperable islet cell carcinoma of the pancreas. Medical evidence of this condition was submitted to this court. There is little question that the plaintiff would be eligible for benefits if his carcinoma had existed prior to the date on which his eligibility for disability insurance expired. However, that determination cannot be made on the basis of the present record. Although the plaintiff was examined by an independent medical examiner, that examination was directed to a determination of pulmonary disease and not to cancer of the pancreas.

In *Kemp v. Weinberger*, 522 F.2d 967 (9th Cir. 1975), we ordered the reopening of a disability benefits hearing because additional evidence had been submitted to the district court which was not considered by the Secretary. We noted that the granting of a remand in this context does not

require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute.

*Id.* at 969, *quoting Wray v. Folsom*, 166 F.Supp. 390, 395 (W.D.Ark. 1958). *See Hall v. Secretary of Health, Education & Welfare*, 602 F.2d 1372, 1377 (9th Cir. 1979) (relaxed standard applied in determining relevancy of new evidence in disability benefits case).

In light of this standard, the purpose for which the Social Security Act was enacted, and the facts of this case, it is clear that if the additional medical evidence which "bears directly and substantially upon the matter in dispute" had been presented to the district court, that court would have been required to order that the disability hearing be reopened.

In this case, the additional evidence was obtained after the notice of appeal was filed and submitted to us prior to oral argument. By reason of the statements made at oral argument by the appellant, who

appeared *pro per,* we treat the submission of this evidence to us as a motion to remand.

■ This court has jurisdiction to remand matters on appeal to the district court for consideration of newly discovered evidence. The majority rule in the circuits is that in a normal civil case the appellate courts will act only if the district court first gives an "indication" that it wishes to consider the newly discovered evidence. *E. g., Smith v. Pollin,* 194 F.2d 349, 350 (D.C.Cir. 1952). Other courts act on such motions directly without requiring a prior expression of the district court's views. *E. g., Baruch v. Beech Aircraft Corp.,* 172 F.2d 445 (10th Cir. 1949). Professor Moore has resolved the conflict by advising that either procedure is "workable." 7 *J. Moore, Federal Practice* ¶ 60.30, at 424 (2d ed. 1980).

■ We believe the majority view may be preferable in the normal civil case, and that is the procedure generally utilized in this circuit. *See, e. g., Smith v. Lujan,* 588 F.2d 1304 (9th Cir. 1979); *Creamette Company v. Merlino,* 289 F.2d 569 (9th Cir. 1961). The district court, having conducted a trial, is in a far better position than the appellate court to make the initial determination as to the materiality of new evidence. In the case before us, however, the district court is in no different position than we are. Its function, under the statute, was not to conduct a trial but only to review the pleadings and the record made before the Secretary. 42 U.S.C. §§ 1383(c)(3) and 405(g). In the normal civil case, the appellate court remands so that the district court may consider the facts presented, rule on a motion for a new trial, and conduct further proceedings where warranted. An "indication" of the district court's view may be most useful and may avoid pointless remands. Here, the only question is whether, as a matter of law, the additional evidence is such that the Secretary is required to reopen the hearing and consider the additional evidence. That question is properly before us, and our decision resolves the issue. Under these circumstances, we believe that no useful purpose would be served by requiring appellant to obtain an "indication" from the district court prior to our determining whether to grant a motion to remand.

■ We do not question the correctness of the district court's decision, which was based on the record before it. We note that the additional evidence consists of medical records that on their face show that they were made following the filing of the notice of appeal. Thus, that evidence was not, and could not have been, presented to the district court prior to the appeal. We note also that appellant tendered additional evidence to us regarding his asthmatic condition. We need not reach the question of whether this additional evidence would justify a remand. However, since our decision will require a reopening of the hearing by the Secretary for additional evidence, appellant will be free to present additional evidence relating to the asthmatic condition at the hearing, as well as the evidence relating to the carcinoma.

The judgment of the district court is vacated. The district court is directed to remand the action to the Secretary for the purpose of reopening the hearing for the consideration of additional evidence.

The mandate shall issue forthwith.