Matthew JOHNSON, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER,[1] Secretary of Health and Human Services, Defendant-Appellee.

No. 80–5671.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1981.

Decided Sept. 14, 1981.

1. Pursuant to F.R.A.P. 43, we substitute the name Richard S. Schweiker, successor to the original appellee, Patricia Harris, as Secretary of the United States Department of Health and Human Services, formerly Health, Education, and Welfare.

Mark Rose Caldwell, Gorey & Delaney, Phoenix, Ariz., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Reg. Atty., San Francisco, Cal., for defendant-appellee.

* Hon. Albert Lee Stephens, Senior United States District Judge, Central District of California,

Before FARRIS and REINHARDT, Circuit Judges, and STEPHENS,* District Judge.

REINHARDT, Circuit Judge.

Matthew Johnson appeals from an order of the district court denying his motion for remand and granting summary judgment to the Secretary of Health and Human Services (Secretary). The Secretary had previously determined that Johnson was not disabled and thus not entitled to Supplemental Security Income benefits (SSI) pursuant to 42 U.S.C. §§ 1381a, 1382c(a)(3). We reverse and remand for consideration of new or additional evidence by, and further proceedings before, the Secretary.

On March 23, 1978, Johnson applied to the Department of Health and Human Services (HHS) for SSI, claiming mental and physical impairment. His application and a subsequent request for reconsideration were denied. Thereafter Johnson requested an administrative hearing to determine his eligibility under the SSI program. The presiding administrative law judge (ALJ) found that Johnson was not disabled and consequently did not qualify as an SSI recipient. On March 30, 1979, the Appeals Council denied Johnson's request for review of the ALJ's decision denying his claim. The decision of the Appeals Council became the final decision of the Secretary, and Johnson filed this civil suit in district court.

Under the Social Security Act, the court may remand a case to the Secretary for a rehearing and the taking of additional evidence if it finds there is good cause to do so. 42 U.S.C. § 405(g); *Goerg v. Schweiker*, 643 F.2d 582, 583 (9th Cir. 1981). Good cause can be shown "where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears

sitting by designation.

directly and substantially on the matter in dispute." *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975).[2] Good cause is not a difficult standard to meet. *Hall v. Secretary of Health, Education, and Welfare*, 602 F.2d 1372, 1377 (9th Cir. 1979). It requires "the claimant, at a minimum, to present evidence that would be probative of a mental or physical impairment." *Id.*

Johnson is a middle-aged Black who can neither read nor write. He claimed that he had been unable to work since 1969, alleging that he was both physically and psychologically disabled. His asserted physical impairments were mild hypertension, skin disease, chronic low back pain, intermittent abdominal pain, history of an ulcer, and a possible hiatal hernia. Johnson's asserted psychological impairment was diagnosed as borderline mental retardation in an inadequate personality disorder with moderate to severe depression which rendered him unable to function in a work setting.

The new or additional evidence Johnson seeks to have considered by the Secretary consists of a supplemental functional capacity report prepared on April 3, 1980, by Dr. Lavit, the psychologist whose report formed a part of the initial evidence presented to the ALJ, and a vocational evaluation report, dated March 10, 1980, from the Arizona Evaluation Center, Inc. These reports, which did not exist at the time of the administrative hearing, contain information relating to Johnson's psychological and physical impairments.

In his supplemental report, Dr. Lavit evaluated Johnson's psychiatric impairment and in all instances rated the resulting limitations on his ability to perform work at the highest levels. He also concluded that the severity of his emotional disorder would require intensive psychotherapy for a period of two to three years. The Secretary argues, in the alternative, that Dr. Lavit's report is not sufficiently probative or that it relates only to a "worsened" condition. We cannot conclude that the supplemental functional capacity report, read in the context of the record, relates only to a recent deterioration in Johnson's psychological condition. Moreover, the report is probative of whether Johnson's psychological impairment renders him disabled within the meaning of the applicable provisions of the Social Security Act.[3] The Arizona Evaluation Center report which rated Johnson's performance on a battery of industrial standard tests and included behavioral observations may also be sufficiently probative of a material issue regarding disability, although the record before us is not entirely clear on this point.

The Secretary contends that a letter indicating that the Appeals Council had "reviewed" the new evidence and "does not feel ... that the evidence should change the decision of the Secretary ... which was and is supported by substantial evidence" renders remand unnecessary.[4] We do not agree.

---

2. *See also* 20 C.F.R. § 404.958 relative to good cause for reopening a determination or decision. In pertinent part it provides:

   Good cause shall be deemed to exist where: (a) New and material evidence is furnished after notice to the party to the initial determination.

3. A disability is defined under the Act as:

   An inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

   42 U.S.C. § 423(d)(1)(A).

4. The letter, which is addressed to Mr. Jerry J. Bassett, Assistant Regional Attorney, DHEW, Office of the Regional Attorney, is from Paul R. Muller, Director, Division of Civil Actions, and is dated May 6, 1980. It reads as follows:

   This is in reference to your letter of April 15, 1980.

   The Appeals Council has reviewed the new medical evidence submitted by claimant's counsel. The Appeals Council does not feel, however, that the evidence should change the decision of the Secretary issued on January 12, 1979, which was and is supported by substantial evidence.

   However, it would appear that the claimant's impairment may have worsened and that being the case, it is suggested that the claimant file a new application.

■ At no point does the letter state that the Secretary's decision was correct; instead it argues that the decision was supported by substantial evidence and that the additional evidence does not change that fact. This standard may be appropriate when the Appeals Council receives a request for review not containing new and material evidence, *see* 20 C.F.R. § 404.-947a(a)(3) (1980). It is not the proper standard when the Appeals Council considers a request for review accompanied by such evidence. The Secretary's regulations are instructive on this point. 20 C.F.R. § 404.-947a(b) provides that,

> Where new and material evidence is submitted with the request for review, the entire record will be evaluated and review will be granted where the Appeals Council finds that the presiding officer's action, findings or conclusion *is contrary to the weight of the evidence currently of record.*

(Emphasis added.) While Johnson did not submit Dr. Lavit's most recent evaluation, or the vocational evaluation report, when he originally requested the Appeals Council to review the ALJ's decision, the Secretary's regulations indicate that when the Appeals Council considers a subsequent request for review accompanied by new and material evidence, the standard to be applied is more exacting than the "substantial evidence" standard. This is particularly true where, as here, the new evidence is highly probative of whether Johnson's impairment

makes him eligible for supplemental social security benefits. Since the new evidence has not previously been considered in the manner provided by law, we find that the letter does not obviate the necessity to remand to the Secretary, if there is otherwise reason for remand under the statute.[5]

■ The applicable statute, 42 U.S.C. § 405(g), requires that where "good cause" exists the case shall be remanded to the Secretary and that the Secretary shall thereafter make specific determinations "after hearing such additional evidence." [6] Because the new or additional evidence is probative of whether Johnson's psychological impairments were sufficiently severe to require a finding that Johnson is disabled and therefore eligible for SSI, we hold that "good cause" exists. We reverse and remand the case to the district court with directions to remand to the Secretary for the purpose of reopening the hearing for the consideration of additional evidence.

To assist the Secretary in his reconsideration of this matter, we call his attention to an error committed by the ALJ. The ALJ concluded that Johnson's problem was simply an unwillingness to work due to "cultural and social attitudes contrary to the work ethic." He said:

> The negative effect described is that of lack of motivation and cultural and social attitudes contrary to the work ethic. While these factors may indeed exist and may indeed explain why the claimant is not working and may never work, they

5. Although the letter does not adequately describe what procedures the Appeals Council followed in reviewing the new evidence, we do not consider that the letter reports a determination made by the Appeals Council following the granting of a request to review. Rather, we treat the letter as an explanation as to why the original decision *not to review* Johnson's claim should not be changed. We need not consider the question of the proper standard to be applied after the Appeals Council has *granted* review when a request is accompanied by new and material evidence, or the proper standard to be applied following remand by a court pursuant to 42 U.S.C. § 405(g).

6. 42 U.S.C. § 405(g) provides, in pertinent part:

> The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

relate more to whether an individual will work than whether he is able to work. Unless it is clearly established by law or precedent that such factors constitute a disabling impairment, this Administrative Law Judge will hold that they do not. Claimant is therefore not a disabled individual within the meaning of the law.

We have serious questions as to just what the ALJ had in mind when he referred to "cultural . . . attitudes contrary to the work ethic." We note that despite these so-called "cultural attitudes" Johnson left school around the fifth grade in order to work on his parents' farm and that thereafter he worked with a considerable degree of regularity until he incurred an injury more than twenty-five years later.

In any event, the ALJ's analysis is based on an erroneous legal premise. The issue is not whether these "factors," if in fact they exist, constitute a disabling psychological impairment, but whether to the extent they exist, if at all, they are the product of a disabling psychological impairment. In other words, the issue upon remand is whether Johnson suffers from a psychological impairment which results in the manifestations the ALJ originally termed "factors" or in any other manifestations which render him unable "to engage in any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A).

Reversed and remanded for further proceedings consistent with this opinion.