**Alice R. WARD, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER,\* Secretary of Health and Human Services, Defendant-Appellee.**

**No. 81–4102.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1982.

Decided Sept. 7, 1982.

Howard K. Watkins, Fresno, Cal., for plaintiff-appellant.

Gary L. Floerchinger, San Francisco, Cal., for defendant-appellee.

---

\* Pursuant to Fed.R.App.P. 43, we substitute the name of Richard S. Schweiker, successor to the original appellee, Patricia Harris, as Secretary of the United States Department of Health and Human Services, formerly Health, Education, and Welfare.

Before CHOY, SNEED and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

## BACKGROUND

In 1976 Ward filed applications for disability insurance and supplemental security income benefits, alleging that she had been unable to work since October 1973 because of various impairments, including numbness in her right leg, a bad back, and nerves. The applications were allowed at the initial level, but her entitlements were subsequently terminated by the Social Security Administration after it was determined that her disability ceased in May 1975. The administrative law judge considered the case *de novo*, and found that Ward's disability had ceased in May 1975 and that her entitlement to benefits ended at the close of the two-month statutory grace period in July 1975. The decision of the administrative law judge became the final decision of the Secretary when adopted by the Appeals Council on August 5, 1976, and Ward initiated this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), in the district court for the Southern District of California.

The district court remanded the case to the Secretary because of procedural errors committed by the administrative law judge. On November 29, 1978, after the consideration of additional evidence, the Social Security Administration issued a final decision in which it adhered to its earlier determination that disability had ceased in May 1975. The case was then transferred to the Eastern District of California because Ward had moved.

Thereafter, in February 1980 Ward was hospitalized and it was discovered for the first time that she had myasthenia gravis.[1] Her treating physician stated that she suffered from "ongoing disease over several years at least prior to February admission." While the case was pending before the district court Ward submitted this new evidence to the Appeals Council and requested a voluntary remand of the case. The Appeals Council felt that a remand was not in order because

> [e]ven if the disease had been present for several years, as suggested by Dr. Bachenberg, the Council finds no basis to question the statements of the consulting examiners who saw the claimant in 1975 and 1978 and found her capable of engaging in at least light work activity, despite the impairments present at those times.

The parties filed cross motions for summary judgment. In addition to arguing that the case should be reversed on the merits, Ward requested that the district court remand the case for a further administrative hearing on the basis of the new medical evidence. On November 24, 1980, the district court declined to remand the case and granted the Secretary's motion "because a review of the evidence presented establishes the findings of the Secretary are supported by substantial evidence. The report of Dr. Bachenberg was reviewed by the Appeals Council and determined not to affect the May 1975 disability cessation date." The district court thereafter denied Ward's motion for reconsideration stating:

> If I thought it would help her in any way, I would remand it, but it appears to me to be a total waste of time, since all the evidence was before the hearing officer, and now that something new has developed, it won't date back to that former hearing to begin with, and if it did, it still wouldn't show that she was disabled at that time, because the testimony was that she was able to do a substantial amount of work . . . .

1. Myasthenia gravis can be defined as "an abnormal rapid fatigability of voluntary muscles and an equally and abnormally long period before recovery after rest. The voluntary muscle is rapidly and steadily weakened when it is used until a point of complete paralysis is reached. Furthermore, a longer time than normal is required for the muscle to recover its power." Claimant-Appellant's Brief at 4 n. 2, quoting R. Schwab & H. Viets, "Myasthenia Gravis," in 4 *Traumatic Medicine & Surgery for the Attorney* 575.

On appeal, Ward argues only that the district court erred as a matter of law, in refusing to order a remand to consider the additional evidence.

## I.

On June 9, 1980, 42 U.S.C. § 405(g) was amended, P.L. 96–265 § 307, 94 Stat. 458 (1980), at least in part to limit the court's ability to remand cases for consideration of new evidence. *Carter v. Schweiker*, 649 F.2d 937, 942 (2d Cir. 1981). Under the previous version of Section 405(g) the court applied a relaxed standard in determining whether there was "good cause" for remand in a disability benefits case. *See Goerg v. Schweiker*, 643 F.2d 582, 583 (9th Cir. 1981). Good cause could be shown "where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute." *Johnson v. Schweiker*, 656 F.2d 424, 425–26 (9th Cir. 1981), *quoting Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975). Section 405(g) now provides, in relevant part:

> The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ....[2]

■ The Secretary concedes that Ward has satisfied the good cause requirement. The additional medical evidence, on its face, shows that it was made after the Secretary's final decision, and therefore could not have been presented at the hearing.

Although we have published opinions subsequent to the 1980 amendment, we did not consider the preliminary question of whether the revised statute is applicable to cases pending at the time of amendment, or the impact of the new materiality requirement.

**2.** Prior to amendment, Section 405(g) provided that the court "may, at any time, on good cause shown, order additional evidence to be taken by the Secretary." 42 U.S.C. § 405(g) (1976).

## II.

■ There is no indication in the legislative history that Congress intended to limit the application of the 1980 amendments. Here the administrative proceeding was completed in November 1978 and proceedings before the district court were pending until February 1981. Under similar circumstances, the Fifth Circuit recently applied the amended version of Section 405(g), "consistent with the rule that absent manifest injustice or a statutory directive or legislative history to the contrary, an appellate court must apply the law in effect at the time it renders its decision." *Chaney v. Schweiker*, 659 F.2d 676, 678 (5th Cir. 1981), *citing Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Finding no evidence of congressional intent to the contrary, *see Barnard v. Secretary of Health and Human Services*, 515 F.Supp. 690, 692–93 (D.Md.1981), we adopt the rule of the Fifth Circuit and apply the new provisions of Section 405(g).

## III.

■ In practice, we have required a showing of materiality. The new or additional evidence offered must bear directly and substantially on the matter in dispute. *See, e.g., Johnson v. Schweiker*, 656 F.2d at 425–26; *Goerg v. Schweiker*, 643 F.2d at 583. In evaluating the materiality requirement under the 1980 amendment, the Fifth Circuit held that it was no longer adequate for the new evidence to be merely "relevant and probative," because some relevant and probative evidence is nonetheless "of limited value and insufficient to justify the administrative costs and delay of a new hearing." *Chaney v. Schweiker*, 659 F.2d at 679. The court held that "a remand to the Secretary is not justified if there is no reasonable possibility that it would have changed the outcome of the Secretary's determination." *Id.* (footnote omitted).[3] We

**3.** The court specifically declined to endorse the position taken by the Fourth and Tenth Circuits, in cases applying the pre-amendment standard, that such evidence must be reasonably likely to have resulted in a different deci-

need not decide in this case whether to adopt the stricter standard endorsed by the Fifth Circuit, however, because, even under the prior standard, Ward has not established that the new evidence is material.

 Under the Social Security Act, a person is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the statute requires a showing that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." Section 423(d)(2)(A). The burden of establishing disability is on the claimant. Section 423(d)(5). The burden is a continuing one, *Mathews v. Eldridge*, 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), and it neither shifts nor ends after an initial determination of disability has been made. *Patti v. Schweiker*, 669 F.2d 582, 586 (9th Cir. 1982); *Gonzalez v. Harris*, 631 F.2d 143, 145 (9th Cir. 1980). When the Social Security Administration has determined that a claimant's disability has ceased, the burden of proof to establish otherwise lies with the claimant. *Patti*, 669 F.2d at 586.

The medical evidence in the record relates primarily to Ward's lumbar disc condition and related orthopedic problems. Substantial evidence supports the Secretary's determination that her disability had terminated as of May 1975. Ward argues that the medical reports did not give a complete picture of her medical condition and that the court should have ordered a remand because none of the medical reports were specifically directed to the muscular problem that was later diagnosed. She further

argues that the new evidence substantiates a significant part of her earlier testimony indicating that she exhibited many of the classic symptoms of myasthenia gravis, including her tendency to tire quickly and the weakness and instability in her limbs.

Dr. Bachenberg's diagnosis indicated that Ward had had myasthenia gravis for at least several years prior to her February 1980 hospitalization. In light of the cessation date of May 1975, Ward would be required to show that she had myasthenia gravis for almost five years before it was diagnosed in 1980. The medical evidence offered by Ward contains no findings that she suffered from myasthenia gravis during the period of coverage. *See Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1377 (9th Cir. 1979). Further, Ward has not supplied any indication that she will be able to make such a showing if given the opportunity to present additional evidence to the Secretary. Without more, the evidence Ward offers does not warrant remand since it is not material to the Secretary's decision terminating benefits in 1975.

Unlike the situation in *Goerg v. Schweiker*, 643 F.2d 582 (9th Cir. 1981), the new evidence at issue here was presented to the district court. There was no abuse of discretion in refusing to remand. *See Hall v. Secretary of Health, Education and Welfare*, 602 F.2d at 1378. Based on medical reports in 1975 and 1978, the Secretary determined that Ward was able to engage in light work and was therefore no longer disabled. In the context of this record, Dr. Bachenberg's report, dated 1980, appears to indicate, at most, a more recent deterioration of condition. *Cf., Johnson v. Schweiker*, 656 F.2d 424, 427 (9th Cir. 1981). Although later discovered evidence may be considered probative of the nature of the disease or disability, *see Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975), the new medical evidence was not material to the Secretary's action terminating benefits

sion by the Secretary. *Chaney v. Schweiker*, 659 F.2d at 679 n.4. *See King v. Califano*, 599

F.2d 597, 599 (4th Cir. 1979); *Cagle v. Califano*, 638 F.2d 219, 221 (10th Cir. 1981).

as of 1975, although it could form the basis for a new claim.[4]

AFFIRMED.

4. In fact, Ward reapplied for disability and supplemental security income benefits in 1980, and was found to be disabled only as of September 1979.