Rosa COATS, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C–81–638–JLQ.

United States District Court, E.D. Washington.

Dec. 15, 1982.

James A. Bamberger, Spokane Legal Services, Spokane, Wash., for plaintiff.

James B. Crum, Asst. U.S. Atty., Spokane, Wash., for defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

QUACKENBUSH, District Judge.

### STATEMENT OF THE CASE

Plaintiff, Rosa A. Coats, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services (HHS). That decision denied plaintiff's continued entitlement to supplemental security insurance (SSI) benefits under Title 20 of the Social Security Act. The plaintiff moved for partial summary judgment and remand to the ALJ to apply the proper legal standard and the defendant moved for summary judgment. For the reasons set forth in this memorandum, the plaintiff's motion for partial summary judgment should be GRANTED; the defendant's motion should be DENIED; and the matter should be REMANDED to the ALJ for application of the proper legal standard. Additional evidence may be taken on remand.

### ADMINISTRATIVE BACKGROUND

In 1950, Congress established a program for assistance to "needy individuals eighteen years of age or older who are permanently and totally disabled". Ch. 809, Title III, Pt. 5, § 351, 64 Stat. 555, codified at 42 U.S.C. § 1351 et seq. (effective August 1, 1950, repealed effective January 1, 1974, Pub.L. 93–603, Title III, § 303(a), (b), 86 Stat. 1484). Upon approval of a state's plan by the Secretary of Health, Education and Welfare, federal grants were allocated to the states. 42 U.S.C. § 1353. Federal statute established broad standards for the administration of the program at the state level. However, since no national standard for determining eligibility was promulgated, each state established its own eligibility criteria.

In 1951, the Washington State Legislature adopted legislation implementing the federal disability program and authorizing the Department of Public Assistance to develop a state plan for Washington. Laws of 1951, Ch. 176, codified at RCW 74.04.010 et seq. The basic eligibility requirements for disability benefits were established by the Department and approved by the Secretary of HEW. For the purpose of establishing these eligibility requirements, the phrase "permanently and totally disabled" was defined:

> [t]he individual has some permanent physical or mental impairment, disease or loss that substantially precludes him from engaging in a useful occupation within his competence, such as holding a substantially gainful job or homemaking.

WAC 388–24–370(1).

In October of 1972, Congress, in an effort to improve and make uniform these federally supplemented state disability programs, repealed Title XIV of the Social Security Act and established the federally-run SSI program. Pub.L. 92–603, 86 Stat. 1329, codified at 42 U.S.C. § 1381 et seq. (1974). The new program established uniform eligibility criteria. Under the new program, recipients under an approved state program as of December, 1973, were automatically "grandfathered" which meant they were eligible to receive SSI disability benefits beginning January 1, 1974. 42 U.S.C. § 1382c(a)(3)(E) (Supp. II 1972). The individual also had to remain continuously disabled.

On December 31, 1973 (one day before the SSI program was to become effective), Congress amended 42 U.S.C. § 1382c(a)(3)(E) to restrict the grandfatheree category to persons who had been receiving state disability payments before July, 1973. Pub.L. 93–233, § 9, 87 Stat. 947, amending 42 U.S.C. § 1382c(a)(3)(E). The purpose of the amendment was "to prevent the conversion to the Federal program of persons who in months immediately prior to the January 1974 changeover to SSI may have been improperly placed on the State

aid to the disabled rolls". H.R.Rep. No. 93–871, 93rd Cong., 2d Sess. 2, *reprinted in* [1974] U.S.Code Cong. & Ad.News 2808, 2808. Under the amended statute, those individuals ("rollback" cases) who had not received state disability payments prior to July, 1973, were required to meet the new federal disability standards to qualify for SSI benefits. The amendment did not change the grandfatheree's automatic eligibility for federal SSI benefits.

On May 22, 1972, disability benefits were approved for Rosa A. Coats, the plaintiff, under the then existing Washington State Aid to the Disabled program. (Ex. A of Plaintiff's Motion). In 1974, when the federal SSI program became effective, plaintiff was converted to the program pursuant to the "grandfather" clause 42 U.S.C. § 1382c(a)(3)(E). On September 9, 1980, plaintiff was notified by the Department of Health, Education & Welfare that her SSI benefits would be terminated because her disability ceased as of March, 1980. (Tr. 43) On January 30, 1981 a hearing was held in Spokane, Washington, before Administrative Law Judge (ALJ) John R. Hood. (Tr. 10–15). The plaintiff appeared personally and was represented by a paralegal from Spokane Legal Services Center. On April 29, 1981, the ALJ rendered his decision that as of March, 1980, the plaintiff was no longer disabled within the meaning of the federal SSI regulations. (Tr. 10–15). The Appeals Council adopted the ALJ's decision as the final decision of the Secretary on September 4, 1981. (Tr. 2–3). Mrs. Coats then filed the present action to obtain judicial review of the Secretary's final decision.

## DISCUSSION

The issue in this case is whether the ALJ can evaluate a grandfatheree by the *federal* disability guidelines or if he must apply the *state* disability criteria. The ALJ used the *federal* guidelines set forth in the Code of Federal Regulations to determine plaintiff's ineligibility for continuation of SSI benefits.

Examination of the question indicates that a grandfatheree may be regularly eval-

uated but that evaluation must be made in accordance with *state* disability standards.

Grandfatherees like the plaintiff were considered automatically disabled under the federal disability program. The grandfather clause states:

(E) Notwithstanding the provisions of sub-paragraphs of (A) through (D), an individual shall be considered to be disabled for the purposes of this subchapter if he was permanently and totally disabled as defined *under a State plan* approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled *as so defined.* (Emphasis added). 42 U.S.C. § 1382c(3)(E) (Supp.1980).

The question of whether the words "as so defined" refer to a state standard was dealt with in *Finnegan v. Matthews,* 641 F.2d 1340, 1344 (9th Cir.1981) where the court found those words to "refer back to the state definition of 'disabled'...." Additionally, that reviewing court found "[t]he grandfathered beneficiary is assured of receiving benefits, and correlatively, is legislatively exempt from ever having to meet the federal eligibility criteria, as long as he continues to satisfy the criteria formerly adopted and employed by the appropriate state in assessing 'disability'." *Finnegan,* 641 F.2d 1340, 1344 (9th Cir.1981).

*Finnegan* involved a grandfatheree whose benefits were terminated because a lower court found "substantial evidence" to support an "initial determination". *Finnegan,* 641 F.2d 1340, 1342 (9th Cir.1981). An "initial determination" is a determination by application of the federal criteria. It is applied to all new disability claimants as well as to "rollbacks" (those who were determined disabled by state standards during the period of July 1, 1973 thru December 31, 1973). *Id.,* 641 F.2d at 1343–44. Finding the Secretary's termination of Finnegan's benefits based on an "initial determination" to be improper, the court held that "benefits to a grandfatheree must not be termi-

nated absent proof of a material improvement in his medical condition or of the commission of a clear and specific error during the prior state determination." *Id.,* 641 F.2d at 1347.

It should be noted that the ALJ's decision in this matter predated the *Finnegan* opinion.

The Secretary argues termination of the grandfatheree's SSI benefits is governed by 20 C.F.R. 416.994(e) (1982):

(e) *Persons who were found disabled under a State plan.* If you became entitled to benefits because you were found to be disabled under a State plan, we will find that your disability ended in the later of the following months—

(1) The month in which your disability as shown by current medical or other evidence does not meet the criteria of the appropriate state plan; or

(2) The month in which your disability ended under provisions of paragraph (b), (c) or (d) of this section.

20 C.F.R. 416.994(e) (1982). The Secretary contends that 42 U.S.C. § 1382c(a)(3)(E) (the grandfather clause) plus 20 C.F.R. 416.-994(e) allow the Secretary to apply the federal standard to grandfatherees. This position is in direct opposition to *Finnegan v. Matthews,* 641 F.2d 1340 (9th Cir.1981), which held that the Secretary could terminate a grandfatheree's benefits only (1) if there has been clear and specific error in the prior state determination of disability or (2) if the grandfatheree's medical condition had materially improved. *Id.,* 641 F.2d at 1347.

As discussed earlier, in *Finnegan* the plain meaning of "as so defined" in 42 U.S.C. § 1382c(a)(3)(E) was held to refer back to the state definition of "disabled". 641 F.2d at 1344. There is no case law which supports the defendant's position.

The Secretary further contends that the Secretary can review the plaintiff's disability claim because Section 311(a) of P.L. 96–265, 42 U.S.C. § 421(i) (1980), effective January 1, 1982, mandates the review. It provides:

[i]n any case where an individual is or has been determined to be under a disability the case shall be reviewed by the applicable state agency or the Secretary (as may be appropriate), for purposes of continuing eligibility, at least every three years; except that where a finding has been made that such disability is permanent, such reviews shall be made at such times as the Secretary deems to be appropriate. Reviews of the cases under the preceding sentence shall be in addition to, and shall not be considered as a substitute for, any other reviews which are required or provided for under or in the administration of this title.

This court agrees that the above cited statute gives the Secretary the power to review disability eligibility every three years or at other "appropriate" times if the disability is found to be permanent. Also there is no language to indicate that grandfatherees are exempt from review. However, the statutory language does not indicate that the federal standard must be used to review a grandfatheree's eligibility, and the legislative history does not address this issue.

Although the point was not argued specifically, this court has considered whether the Secretary may find his authority in the words "[r]eviews of cases . . . shall be in addition to, and shall not be considered as a substitute for any other reviews which are required or provided for under or in the administration of this title." 42 U.S.C. § 421(i) (1980). The words "in addition to" and "not be considered as a substitute for", however, do not clearly mandate use of the federal standard for grandfatherees. It is this court's conclusion that "at least every three years" means that the three year review requirement simply sets a maximum period that a disability case may go without review (unless the disability is found permanent, then the review interval is discretionary). The words "in addition to" and "not considered as a substitute for" merely reserve the power to review more often. 42 U.S.C. § 421(i) (1980). *See,* H.R.Rep. No. 96–100, 96th Cong., 2d Sess. 3 (1980) *reprinted in* [1980] U.S.Code Cong. & Ad. News 1277, 1408. (A general reading of the

legislative history for P.L. 96–265 indicates an overall concern for continued uneven application of the substantial evidence rule and varying interpretations of the program).

The conclusion that the federal disability standard does not apply to disability reviews of grandfatherees is not only mandated by the *Finnegan* court's interpretation of the statutory language and case law, but by the Social Security Administration regulations. 20 C.F.R. 416.906 (1982) states:

> You will also be considered disabled for payment of supplemental security income benefits if—
>
> (a) You were found to be permanently and totally disabled as defined under a State plan approved under titles XIV or XVI of the Social Security Act, as in effect for October 1972;
>
> (b) You received aid under the State plan because of your disability for the month of December 1973 and for at least one month before July 1973; and
>
> (c) You continue to be *disabled as defined under the State plan.*

(Emphasis added).

Subsection (c) indicates that disability continues if the plaintiff is "disabled as defined under the State plan". The state standard clearly applies to the grandfatheree.

Furthermore, the regulation regarding disability termination indicates that the state and not the federal standard should be applied to the grandfatheree. 20 C.F.R. 416.994(e) states:

> (e) *Persons who were found disabled under a State plan.* If you became entitled to benefits because you were found to be disabled under a State plan, we will find that your disability ended in the later of the following months—
>
> (1) The month in which your disability, as shown by current medical or other evidence, *does not meet the criteria of the appropriate State plan....*

(Emphasis added).

In *Finnegan,* the Ninth Circuit noted the difficulty in interpreting the various state disability statutes now, specifically, the trouble an ALJ would have understanding fully how the statute had been routinely interpreted and applied so that the ALJ could properly assess whether the grandfatheree was "continuously disabled" under that state statute. 641 F.2d at 1344. To avoid this problem, the court established the following test: a grandfatheree's disability benefits must not be terminated absent proof (1) of a material improvement in his medical condition or (2) of the commission of a clear and specific error during the prior state determination. 641 F.2d at 1347. The *Finnegan* court further defined the "medical improvement" as one "which is sufficient to establish that an applicant is no longer 'continuously disabled as so defined'." 641 F.2d at 1345.

The evidence in the record of the Coats hearing does not meet the *Finnegan* test because (1) there is no proof of the commission of a clear and specific error during the state's determination in 1972 and (2) there is no proof of material medical improvement by the state standard because the federal disability standard was applied instead of the state standard.

Since the ALJ applied the wrong legal standard when he applied the federal standard to the disability determination, the matter must be and is REMANDED for application of the correct legal standard.

Since this matter must be remanded for use of the correct legal standard, it is also appropriate for the Secretary to consider the plaintiff's additional medical evidence, which evidence was apparently not presented at the hearing due to unavailability. *See Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir.1982). *See also* 42 U.S.C. § 405(g); P.L. 96–265, 94 Stat. 458 (effective June 9, 1980).

The defendant's Motion for Summary Judgment is DENIED and the case is REMANDED for application of the state standard. IT IS SO

ORDERED. The Clerk is directed to enter this Order and forward copies to counsel.