94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis PROPHET, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 95-55307.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1996.**
Decided Aug. 15, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, District Judge.***
 
 
 2
 MEMORANDUM****
 
 
 3
 Louis Prophet appeals the district court's grant of summary judgment affirming the denial of his application for disability benefits. Prophet also appeals the district court's refusal to remand the case to the Commissioner of Social Security Administration (the "Commissioner") to consider new evidence discovered after his hearing before the Administrative Law Judge. We affirm.
 
 I.
 
 4
 We review de novo the district court's grant of summary judgment in favor of the Commissioner affirming the denial of benefits. Andrews v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995); Travers v. Shalala, 20 F.3d 993, 995-96 (9th Cir.1994). The scope of our review is, however, limited. We may set aside the denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Flaten v. Secretary of Health & Human Serv., 44 F.3d 1453, 1457 (9th Cir.1995).
 
 
 5
 Substantial evidence is " 'more than a mere scintilla,' Richardson v. Perales, 402 U.S. 389, 401 (1971), but 'less than a preponderance,' Desrosiers v. Secretary of Health and Human Serv., 846 F.2d 573, 576 (9th Cir.1988)." Young v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990). It is relevant evidence which, when considering the entire record, a reasonable person might accept as adequate to support a conclusion. Flaten, 44 F.3d at 1457. If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, we may not substitute our judgment for that of the Commissioner. Id.
 
 
 6
 Here, there was insufficient medical evidence to support any of Prophet's claims. In fact, the medical testimony indicated that Prophet did not suffer any physical limitations. Moreover, Prophet did not exhibit symptoms at the hearing suggesting any serious problems. Consequently, we agree with the district court that substantial evidence supported the Commissioner's decision to deny disability benefits. See Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir.1992) (finding that medical testimony and claimant's appearance and demeanor at the hearing supported the Commissioner's decision to deny benefits). In reaching her decision, the Commissioner applied the proper legal standards. As a result, we conclude that the Commissioner did not err when she determined that Prophet did not have the host of physical problems he claimed and thus was not disabled. Flaten, 44 F.3d at 1357.
 
 II.
 
 7
 We review for abuse of discretion the district court's refusal to remand the case to the Commissioner to consider the new evidence of Prophet's lung cancer. Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990). We cannot simply substitute our judgment for that of the district court. Sibler v. Mabon, 18 F.3d 1449, 1455 (9th Cir.1994); United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir.1992).
 
 
 8
 Although a district court may remand a case to the Commissioner for consideration of new evidence, it may do so only when the new evidence is material. Clem, 894 F.2d at 332; Sanchez v. Secretary of Health and Human Serv., 812 F.2d 509, 511 (9th Cir.1987). Evidence is material "only where there is a reasonable possibility that the new evidence would have changed the outcome of the [Commissioner's] determination had it been before [her.]" Booz v. Secretary of Health and Human Serv., 734 F.2d 1378, 1380 (9th Cir.1984) (emphasis in original) (citation omitted).
 
 
 9
 Here, the new evidence relating to Prophet's lung cancer was not material. First, the diagnosis sheds little light on Prophet's state of health at the time of his claim. Prophet must show that he suffered from lung cancer during the period of time he claimed to be disabled from it. See Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir.1982). Prophet has failed to produce any evidence to indicate that the cancer was present when he applied for disability benefits. If Prophet's cancer developed after he filed his current claim, the evidence would not even be relevant, let alone material, to Prophet's current disability claim.
 
 
 10
 Second, the diagnosis, by itself, does not show that Prophet suffered exertional limitations as a result of the cancer. Prophet has provided two handwritten notes to document the diagnosis of lung cancer, but they do not describe Prophet's course of treatment, prognosis, his chances for recovery or, of particular significance here, what exertional limitations, if any, were caused by the condition and its treatment. Prophet cannot simply rely on the diagnosis of cancer as proof of disability. See Young v. Sullivan, 911 F.2d at 184. Thus, even if the new evidence were relevant to the evaluation of Prophet's claim, it is an insufficient basis on which to ground a finding of disability. As a result, the district court did not abuse its discretion in refusing to remand the case to the Commissioner.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Social Security Independence and Program Improvements Act of 1994, Public Law No. 103-296, transferred the function of the Secretary of Health and Human Services in social security cases to the Commissioner of Social Security Administration, effective March 31, 1995. In accordance with § 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, the Secretary of Health and Human Services as the Defendant. The defendant will be referred to as the "Commissioner" throughout the memorandum for the sake of convenience
 
 
 **
 The Panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 ***
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3