NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUIANA LA NAY CHASE, | No. 14-16756 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-01816-KAW |
| v. | |
| CAROLYN W. COLVIN, Commissioner Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted October 19, 2016
Stanford, California

Before: CALLAHAN, HURWITZ, and OWENS, Circuit Judges.

Quiana La Nay Chase appeals a judgment of the district court affirming the

denial by the Commissioner of Social Security of her applications for social security

disability insurance benefits and supplemental security income. Chase argues that

remand is required under 42 U.S.C. § 405(g), because evidence was improperly

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

rejected by the administrative law judge ("ALJ") and because new and material evidence emerged after the ALJ's decision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. We review the district court's order de novo, and must uphold the agency decision unless it was "not supported by substantial evidence" or "based on legal error." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). A district court's decision not to remand "in light of new evidence" under sentence six of § 405(g) is reviewed de novo as to the determination whether proffered new evidence is "material," but for abuse of discretion as to whether the applicant has established the requisite "good cause" for late submission. *Mayes v. Massanari*, 276 F.3d 453, 461–62 (9th Cir. 2001).

2. Chase argues that the ALJ improperly rejected a report of Pat Cripe, a social worker, which discusses Chase's erratic behavior during a custody dispute. The ALJ may not disregard lay witness evidence without providing "reasons germane" to the evidence, such as finding that "it conflicts with medical evidence." *Lewis v. Apfel*, 236 F.3d 503, 510–11 (9th Cir. 2001). The ALJ concluded the Cripe report was not probative of Chase's work ability because it was a custody recommendation, not a medical opinion, and Chase's described behavior was likely influenced by drug use and Cripe's recommendation that she lose custody of her

2

children.  These reasons are germane, *see Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009), and comport with other record evidence.

The Cripe report is also inconsistent with other record evidence.  Dr. Said Shefayee, the only mental health professional to conduct a comprehensive psychiatric evaluation of Chase and whose opinion is therefore "entitled to greater weight" than other evidence, *Ryan*, 528 F.3d at 1198, concluded that Chase was able "to accept instructions from supervisors and get along" with others in the workplace. Dr. Soleng Tom, who treated Chase monthly for years at the Pathways to Wellness Mental Health Services Medication Clinic, found her capable of "maintaining social relationships" and concentration, cooperative, and not a danger to others.  The ALJ's discussion of this "arguably contradictory testimony at other points in [her] decision" is sufficient, even if she "did not clearly link [her] determination to those reasons." *Lewis*, 236 F.3d at 512.

3.  Citing 20 C.F.R. § 416.917, which requires that a consultative examiner be given "any necessary background information about" a claimant's "condition," Chase argues that the ALJ should have provided two reports from Cripe to Dr. Shefayee before crediting his opinion.  But, both reports were created in 2011, years after Dr. Shefayee's 2009 evaluation.

4.  The ALJ has a "'duty to fully and fairly develop the record,'" including conducting additional inquiries if the evidence is ambiguous or "the record is

3

inadequate." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). Even assuming arguendo that further development of the record in this case was required, the ALJ satisfied this duty by "keeping the record open after the hearing," *id.*, and scheduling two psychological examinations. Chase failed to attend the examinations, once because she overslept and once because she claimed to be in drug treatment. She thus failed to provide "good reasons" for her absence. 20 C.F.R. § 404.1518.

5. Chase argues that the district court failed to consider an opinion by a "Dr. Jones."[1] Although this document was first submitted to the Appeals Council, it "is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012). However, this document does not disturb the ALJ's conclusion. Although Chase claims the 2010 evaluation is by a Dr. Jones and is "dispositive" that she has bipolar disease, anxiety disorder, and major depressive disorder mental impairments, the document submitted is a questionnaire that does not clearly appear to have been

---

[1] Chase's briefing interchangeably attributes this document to a "Dr. Brown" or "Dr. Jones," but always cites the same document.

completed by a physician.[2]

6. Finally, Chase argues that a report by Dr. Faith Tobias, first submitted in a reply brief in the district court, is "new and material" evidence that establishes a mental impairment of "borderline low IQ" and is "directly relevant to the educational findings by" the ALJ. Under § 405(g), sentence six, the court may remand to the Commissioner to hear additional material evidence if good cause exists for failure to introduce it earlier. *Mayes*, 276 F.3d at 461–62. But, new evidence is "material" only if it "bear[s] 'directly and substantially on the matter in dispute,'" and a "reasonable possibility" exists that it "would have changed the outcome." *Id.* at 462 (first quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982); then quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1984)). Dr. Tobias's report, which finds a "borderline low IQ" of 72 and zero-to-mild work-related impairments, is consistent with the ALJ's finding that Chase has the residual functional capacity "to perform a full range of work at all exertional levels, and is able to perform simple repetitive tasks and is able to accept instructions from supervisors and get along with people in the workplace." Dr. Tobias's observations about Chase's cognitive abilities also do not contradict the ALJ's finding that Chase

---

[2] Conversely, Dr. Shefayee's opinion is a thorough psychiatric evaluation based on an in-person examination, which "alone constitutes substantial evidence," *Tonapetyan*, 242 F.3d at 1149, and is consistent both with state agency consultant Dr. Cory A. Brown's opinion, and Dr. Tom's monthly observations.

"has at least a high school education and is able to communicate in English."  Dr. Tobias's report therefore does not create a "reasonable possibility" the outcome would change on remand.  *Mayes*, 276 F.3d at 462.

Moreover, Chase did not establish "good cause," which we have defined as a showing that "the new evidence was unavailable earlier." *Id.* at 463.  The district court correctly concluded that comparable evidence of Chase's impaired intellectual functioning would have been available earlier had she attended the scheduled post-hearing psychological examinations.

**AFFIRMED.**