**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELMUTS SKUJA, | No. 14-56663 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00730-BAS-KSC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted November 7, 2016
Pasadena, California

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Helmuts Skuja appeals the district court's decision affirming the

Commissioner of Social Security's determination that Skuja did not qualify for

disability insurance benefits. At steps four and five of the sequential evaluation

process, the Administrative Law Judge ("ALJ") found that Skuja could perform his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

past work as an investigator as well as other work that existed in significant numbers in the national economy and was therefore not disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

1. Skuja argues that new medical evidence of his physical condition warrants a remand under 42 U.S.C. § 405(g).[1] His argument fails, however, because the new evidence is not "material." *See* 42 U.S.C. § 405(g). First, much of the evidence does not bear "directly and substantially on the matter in dispute." *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (quoting *Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir. 1982)). The later medical evidence of Skuja's diabetes, hepatitis, and the migration of bullet fragments shows his condition *after* the hearing before the ALJ and thus fails to relate back to the date of the hearing itself. *See Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987).

---

[1] The Commissioner objects to this Court's consideration of Skuja's new evidence, which Skuja attempted to submit for the first time as an attachment to a motion before this Court seeking a remand. Because we find Skuja has not shown a reasonable possibility of a different outcome if that evidence were considered, we do not decide the question whether it is proper to introduce possible new evidence for the first time in the court of appeals.

Second, Skuja fails to demonstrate a "'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *See Mayes*, 276 F.3d at 462 (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–1381 (9th Cir. 1984)).  Even if some of Skuja's new evidence could have been shown to relate back to his condition at the time of the hearing, it conflicts with persuasive evidence that was available to the ALJ.  For example, Dr. Ralph's conclusory statement that Skuja was disabled beginning in 1999 not only lacks support but also directly conflicts with Skuja's extensive work history in the years following the shooting.

2.  The ALJ did not err in partially discrediting Skuja's testimony at steps 4 and 5 of the disability determination.  The ALJ provided "specific, clear, and convincing reasons" in finding Skuja's testimony not fully credible.  *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014).

As an initial matter, the ALJ identified the specific testimony that he did not find credible: Skuja's descriptions of "the intensity, persistence, and limiting effects" of his symptoms to the extent that they were inconsistent with the ALJ's residual functional capacity assessment.  The ALJ then provided several specific, clear, and convincing reasons why he found this testimony not credible.  The ALJ

3

found Skuja's symptom testimony inconsistent with Skuja's daily activities, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), with the opinions of several different medical examiners, *see Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995), and with Skuja's history of conservative medical treatment, *see Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007).

Skuja did not raise other arguments on appeal regarding the ALJ's errors in the district court. We have discretion whether to consider such arguments, *see In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010), and decline to do so.

The district court properly entered judgment in favor of the Commissioner.

**AFFIRMED**