**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN SHORT, | No. 19-35273 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05112-JPD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted March 2, 2021**
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and MOSKOWITZ,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Andrew Short appeals the district court's order affirming an Administrative Law Judge (ALJ) decision denying Short's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416, 423, and denial of his motion for a remand pursuant to sentence six of 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand under sentence six.[1]

Sentence six of 42 U.S.C. § 405(g) permits a district court to order the Commissioner of Social Security to consider new evidence if there is good cause for the applicant's failure to include the evidence sooner and the new evidence is material. We review good cause determinations for abuse of discretion and materiality determinations de novo. *Mayes v. Massanari*, 276 F.3d 453, 462–63 (9th Cir. 2001).

1. The district court abused its discretion in determining that Short had not established good cause for not submitting compensation and pension (C&P) examinations from the Veterans Administration (VA) to the ALJ. Where, as here, the new evidence could not have been presented to the ALJ because it did not exist at the time of the ALJ's decision, there is good cause for failing to present the evidence sooner. *See Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982). Here,

---

[1] Because we remand under sentence six of 42 U.S.C. § 405(g), we do not reach Short's other claims regarding the SSA's denial of benefits.

the C&P examinations were conducted in October 2017, after the ALJ's decision in December 2016.  Because Short did not obtain the C&P examinations until he received the VA's December 2017 Disability Rating—a decision only issued two days before the Appeals Council's decision—the district court abused its discretion in finding that Short had not established good cause for not presenting the evidence to the Appeals Council.

2.  The ALJ erred in finding that Short, despite establishing good cause, had not demonstrated that the 2017 VA Disability Rating decision was material.  New evidence is material where it bears "directly and substantially on the matter in dispute," *Ward*, 686 F.2d at 764 (quotation omitted), and there is a "*reasonable possibility* that the new evidence would have changed the outcome of the Secretary's determination had it been before him," *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (quotation omitted).  The VA Disability Rating decision increasing Short's fibromyalgia rating from 10 percent to 40 percent and increasing his post traumatic stress disorder (PTSD) rating to 100 percent bears directly and substantially on Short's claims of fibromyalgia, chronic pain, and PTSD.

Moreover, Short has, at the least, shown a *reasonable possibility* that the 2017 VA Disability Rating decision and underlying C&P examinations would have

3

changed the outcome of the case because the ALJ relied on a lack of medical records documenting fibromyalgia and PTSD in rejecting Short's testimony and denying benefits. In fact, the ALJ specifically considered the lack of a VA disability finding in rejecting Short's PTSD claim and in discounting Short's testimony regarding claims of PTSD and fibromyalgia. The VA Disability Rating decision and C&P examinations also have the potential to rehabilitate Short's credibility regarding his claims of fibromyalgia and PTSD. While we express no view on the merits of Short's credibility, there is a reasonable possibility that a credibility finding in Short's favor would have changed the outcome of the ALJ's decision, particularly considering that the ALJ must give "great weight" to a VA disability determination. *See McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (quotation omitted). Accordingly, the district court erred in finding that the 2017 VA Disability Rating decision and C&P examinations were not material and in not remanding the case to the Commissioner for consideration of that evidence in the first instance.

**VACATED** and **REMANDED**. On remand, the district court is instructed to remand the case to the Commissioner for consideration of the 2017 VA Disability Rating decision and underlying C&P examinations pursuant to sentence six of 42 U.S.C. § 405(g).