**John P. SHARPE, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health & Human Services, Defendant.**

**No. 91–CIV–338S.**

United States District Court,
W.D. New York.

Sept. 18, 1992.

Douglas F. Godhino, Godhino & Galeziowski, Hamburg, N.Y., for plaintiff.

Dennis C. Vacco, U.S. Atty., William J. Gillmeister (Asst. U.S. Atty. of counsel), Buffalo, N.Y., for government.

## DECISION AND ORDER

SKRETNY, District Judge.

Plaintiff John P. Sharpe moves for remand to the Secretary of Health and Human Services to consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," pursuant to 42 U.S.C. § 405(g).

This case was referred to the Honorable Carol E. Heckman, United States Magistrate Judge for the Western District of New York, who prepared a Report and Recommendation that the case should be remanded to the Secretary for consideration of new and material evidence. The Secretary filed objections to the Report and Recommendation of the Magistrate Judge.

After reviewing the entire record in this matter, this Court accepts the findings of fact and recommendations of the Magistrate Judge. This Court finds that the new evidence proffered by the Plaintiff is material to a determination of Plaintiff's condition during the period he was denied disability insurance benefits, and that good cause existed for the Plaintiff's failure to incorporate such evidence into the record at an earlier time. Accordingly, this case is remanded for an evaluation of the Plaintiff's medical condition in light of this new evidence.

## FACTS

Plaintiff, a 39 year old male, began working at Carborundum Abrasives in Niagara–

Wheatfield, New York in January of 1976. He worked there until September 17, 1986, when he suffered a back injury on the job. Plaintiff has not been employed since that time (T. 30–33).[1]

Plaintiff filed disability claims on April 8, 1988 and March 17, 1989 due to his back injury (T. 68–70, 91–93, 113–118). The Secretary of Health and Human Services denied Plaintiff's applications initially and upon reconsideration (T. 71–75, 94–95, 102–107). Plaintiff appealed, and was again denied benefits by the Secretary. On May 24, 1990 a hearing was held before Administrative Law Judge (ALJ) Simon J. Nash. Plaintiff was represented by counsel and testified in his own behalf at this hearing. In a decision dated July 24, 1990, ALJ Nash found that Plaintiff was not under a disability within the meaning of the Social Security Act (T. 9–18). The decision of ALJ Nash became the final decision of the Secretary on March 27, 1991, upon denial of Plaintiff's request for further review.

Plaintiff commenced this action on May 24, 1991, seeking review and remand of the Secretary's decision. The Secretary answered on July 23, 1991, and moved for judgment on the pleadings on December 9, 1991.

Meanwhile, on September 12, 1991 Plaintiff underwent surgery on his spine. In connection with this surgery, additional medical examinations were conducted, and additional medical reports were compiled. Plaintiff proffers these medical reports as new and material evidence of whether the Plaintiff has suffered a compensable injury under the terms of the Social Security Act. The Plaintiff indicates that this evidence was compiled after the Secretary had made his final decision to deny disability benefits to the Plaintiff.

This matter was referred to the Honorable Carol E. Heckman, United States Magistrate Judge for the Western District of New York, to hear and report, pursuant to 28 U.S.C. § 636(b)(1)(B). In a Report and Recommendation entered on August 7, 1992, Magistrate Judge Heckman found that the additional evidence warranted remand of this case, pursuant to 42 U.S.C. § 405(g). The Secretary filed objections to the Report and Recommendation of the Magistrate Judge, together with a memorandum of law. The Plaintiff filed a memorandum of law in response.

### DISCUSSION

The Social Security Act provides that a District Court may remand a case to the Secretary of Health and Human Services to consider additional evidence "upon a showing that there is new evidence which is material," and if "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Second Circuit has explained that on a motion for remand the claimant must show that the evidence being proffered is:

(1) " 'new' and not merely cumulative of what is already in the record," and that it is

(2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show

(3) good cause for her failure to present the evidence earlier.

*Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988) (citations omitted).

After reviewing the record in this case, this Court finds that the new evidence proffered by the Plaintiff satisfies the standard set forth above, for the reasons contained in the Report and Recommendation of Magistrate Judge Heckman. The evidence is both new and material to the Plaintiff's condition during the period for which disability benefits were denied by the Secretary. This Court also finds that there is a reasonable probability that this new evidence would have influenced the Secretary

---

1. References are to page numbers of the transcript of the administrative record in this case, which was filed by the Defendant Secretary of Human Services with his answer.

to make a different determination. Finally, this Court finds that Plaintiff had good cause for his failure to proffer this evidence earlier, since his back surgery was performed after the final determination by the Secretary was made.

## CONCLUSION

This court accepts the findings of fact and recommendation of the Magistrate Judge. The evidence proffered by the Plaintiff is sufficient to require the Secretary to review additional evidence and to reconsider the Plaintiff's application for disability insurance benefits.

## ORDER

IT HEREBY IS ORDERED, that the Plaintiff's motion that his claim for disability benefits be remanded to the Secretary for further consideration is Granted, in accordance with this Decision.

SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. William M. Skretny, to hear and report, in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, I recommend that the district court grant Plaintiff's motion for remand and rehearing. The following constitutes the undersigned's proposed findings and recommendations for the disposition of the motion.

## FACTS

Plaintiff was born on March 18, 1953. He has a high school education, and briefly studied air-conditioning and heating in college. In January of 1976, after service in the United States Air Force, he took a job at Carborundum Abrasives in Niagara–Wheatfield, New York. He worked there until September 17, 1986, when he injured his back on the job. He has not worked since (T. 30–33).[1]

Plaintiff filed claims for disability insurance on April 8, 1988 and March 17, 1989, alleging disability due to his back injury (T. 68–70, 91–93, 113–18). The Secretary denied his applications initially and on reconsideration (T. 71–75, 94–95, 102–107). Plaintiff's appeal was also denied on reconsideration (T. 109–110). Plaintiff requested a hearing, which was held on May 24, 1990 before Administrative Law Judge ("ALJ") Simon J. Nash. Plaintiff appeared and testified, and was represented by counsel. In a decision dated July 24, 1990, ALJ Nash found that Plaintiff was not under a disability within the meaning of the Act (T. 9–18). The ALJ's decision became the final decision of the Secretary upon denial of Plaintiff's request for further review by letter dated March 27, 1991 (T. 4–5).

Plaintiff filed this action on May 24, 1991, seeking review and reversal of the Secretary's decision. Item 1. The Secretary answered on July 23, 1991 (Item 2) and moved for judgment on the pleadings on December 9, 1991. Items 5, 6. Meanwhile, Plaintiff underwent surgery on his lumbar spine on September 12, 1991. Plaintiff now moves for remand so that the Secretary may consider the new evidence relating to his disability provided by the report of the surgical procedure as well as the subsequent reports and opinions of treating and non-treating physicians. Items 7, 8.

## DISCUSSION

The Act provides that a court may remand the case to the Secretary to consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Second Circuit has held that, on a motion for remand, the claimant:

[M]ust show that the proffered evidence is

---

1. References are to page numbers of the transcript of the administrative record, filed by the Secretary as part of his Answer (Item 2) to Plaintiff's Complaint (Item 1).

(1) " 'new' and not merely cumulative of what is already in the record," and that it is

(2) Material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show

(3) good cause for her failure to present the evidence earlier.

*Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir.1988) (quoting *Szubak v. Secretary of Health and Human Servs.,* 745 F.2d 831, 833 (3rd Cir.1984); citing *Tolany v. Heckler,* 756 F.2d 268, 272 (2d Cir.1985); *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981); *Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir.1975)).

The *Tirado* case was remanded to the district court for a determination as to whether medical reports generated after the claimant's administrative hearing met this triple standard for the introduction of new evidence. The district court held that since the new evidence tended to show that the claimant's disability had not ceased but was of a continuing nature, it was relevant to her disability claim. The court thus remanded the case to the Secretary. *Tirado v. Bowen,* 705 F.Supp. 179 (S.D.N.Y. 1989).

The district court in *Tirado* also noted that "[e]vidence of surgical operations performed after denial of benefits have consistently been held relevant to whether the claimants were previously disabled." *Id.* at 182 (citing *Borders v. Heckler,* 777 F.2d 954 (4th Cir.1985) (evidence of post-hearing operation on claimant's back clearly relevant to question whether back condition was disabling, as well as supportive of subjective claim of disabling back pain); *Bauzo v. Bowen,* 803 F.2d 917 (7th Cir. 1986) (evidence of post-hearing operation material because it shows that earlier operation did not correct back problem, and indicates condition is continuing to deteriorate)).

In the instant case, Plaintiff's proffer consists of medical records pertaining to a surgical procedure performed on his lumbar spine on September 12, 1991, several months after the Secretary issued his final decision on March 27, 1991. Specifically, Plaintiff submits his discharge summary from Mount St. Mary's Hospital, Niagara Falls, New York, dated September 16, 1991, which indicates that Plaintiff was admitted with "intractable low back pain and left sided sciatic pain" traceable to lifting 70–pound rolls of paper at Carborundum in September, 1986. Item 7, Exh. 1. The surgery involved hemilaminectomy at left L4–5, foraminotomy at left L4–5, and excision of a disk at L4–5, described in the summary as a "neurosurgical decompressive procedure." *Id.* Plaintiff also submits a brief report by his surgeon and treating physician, Dr. Young J. Yu, dated December 2, 1991, which describes the September 12, 1991 surgery and opines that Plaintiff "carries permanent, partial disability, and ... will not be able to return to any physical labor on a permanent basis." Item 7, Exh. 2. Finally, Plaintiff submits a four-page evaluation, prepared by Dr. David R. Cooper on behalf of Plaintiff's Workers' Compensation insurance carrier and dated March 18, 1992, which notes that Plaintiff continues to have pain in his lower back and buttocks, with pain in his legs shifting from side to side. He has problems sitting for more than ten minutes, driving for more than a half-hour, and walking for more than fifteen minutes. Upon physical examination, Dr. Cooper concluded that Plaintiff's "current level of disability is marked" and that it was too soon to comment on the permanency of the disability. Item 7 Exh. 3.

The Secretary objects to this proffer on the grounds that it does not meet the criteria for new and material evidence under 42 U.S.C. § 405(g). The Secretary argues that the proffered reports simply indicate a subsequent worsening of Plaintiff's condition and do not provide any probative evidence as to the period of disability at issue before the ALJ. I cannot agree.

In his decision, the ALJ ascribed limited credibility to Plaintiff's testimony regarding pain, and was "not persuaded that this pain prevents the claimant from performing even sedentary work [2] on a sustained basis" (T. 13). The ALJ further found that Plaintiff's complaints of pain "have some basis ... but are out of proportion to the clinical signs, laboratory findings, and opinions of the physicians of record" (T. 15). Thus, the ALJ based his decision at least in part on the lack of probative evidence supportive of Plaintiff's allegations and testimony regarding the severity and permanency of disabling back pain.

Based on the proffer presented on the instant motion, in light of the standards for remand on new and material evidence as set forth above, I find that the evidence of Plaintiff's back surgery is clearly probative on the issue of Plaintiff's credibility regarding his complaints of back pain, which were made throughout the alleged disability period. As such, that evidence is relevant to Plaintiff's condition during the time period for which benefits were denied by the ALJ. I also find that this evidence is new and not merely cumulative, and that there is a reasonable possibility that this new evidence would have influenced the Secretary to decide Plaintiff's application differently. Plaintiff has shown good cause for failure to present this evidence earlier, since the surgery took place after the Secretary rendered his final decision.

Accordingly, I recommend that the district court grant Plaintiff's motion for remand and rehearing to allow the taking of additional medical evidence before the Secretary, pursuant to 42 U.S.C. § 405(g).

DATED: August 4, 1992

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after being served with this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.ED.2d 435 (1985); Wesolek, et al. v. Canadair Ltd., et al., 838 F.2d 55 (2d Cir. 1988).*

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

**2.** The Secretary's regulations define "sedentary work" as follows:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (1992).