133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Musheg AGESYAN, Plaintiff-Appellant,
v.
Kenneth S. APFEL*, Commissioner of the
Social Security Administration, Defendant-Appellee.
 No. 96-56511.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1997.
Decided Jan. 15, 1998.
 
 MEMORANDUM**
 Musheg Agesyan appeals the district court's grant of summary judgment in favor of the Commissioner of the Social Security Administration ("Commissioner"). The district court affirmed the Commissioner's denial of Agesyan's application for Supplemental Security Income ("SSI") disability benefits. Additionally, the district court refused to remand the case to the Commissioner on the basis of newly discovered medical evidence. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
 FACTS
 On April 4, 1994, an Administrative Law Judge ("ALJ") denied Agesyan's application for SSI benefits. The ALJ made a negative finding as to Agesyan's credibility, and found that his impairments were not severe. As a result, the ALJ determined that Agesyan was not "disabled" as defined by 20 C.F.R. § 416.920(c) (1995). The Social Security Administration Appeals Council affirmed, determining that the ALJ's decision was supported by substantial evidence. Agesyan appealed that decision to the district court.
 While that appeal was pending, Agesyan suffered an acute myocardial infarction on November 4, 1995. An examination revealed that his right pulmonary artery was "totally occluded." Agesyan underwent four-vessel coronary artery bypass surgery on November 5, 1995.
 On December 28, 1995, Agesyan filed with the district court an addendum to his memorandum of points and authorities, presenting evidence of the bypass surgery. Agesyan sought a remand to the Commissioner based on this new evidence. The district court denied Agesyan's motion for a remand and held that "[Agesyan's] new evidence merely relates to a worsening of plaintiff's condition in November 1995." Agesyan appeals.
 DISCUSSION
 We review for abuse of discretion a district court's refusal to remand a case to the Commissioner on the basis of newly discovered evidence. Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990). We conclude the district court abused its discretion by failing to remand because Agesyan's new evidence of a degenerative heart condition is probative of his condition at the time of his original evaluation. There is a reasonable possibility that the new evidence would have changed the outcome had it had been before the Commissioner at the original hearing.
 Pursuant to 42 U.S.C. § 405(g), a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985). "Also, there must be a reasonable possibility that the new evidence would have changed the outcome if it had been before the [Commissioner]." Cotton v. Bowen, 799 F.2d 1403, 1409 (9th Cir.1986). Agesyan's new evidence fulfills these requirements.
 A. Good Cause
 Good cause is established where the proffered evidence did not exist at the time of the ALJ's decision. Burton v. Heckler, 724 F.2d 1415, 1418 (9th Cir.1984). Agesyan had neither suffered the myocardial infarction which prompted his surgery nor undergone the bypass surgery until twenty-one months after his original evaluation. Agesyan has met the good cause requirement.
 B. Materiality
 Agesyan's new evidence is material because it is probative of the extent of his disability during the relevant period. See Kemp v. Weinberger, 522 F.2d 967, 969 (9th Cir.1975). The new evidence concerned a degenerative process similar to that in Kemp. Because coronary artery disease is a slow, progressive disease,[1] evidence of Agesyan's myocardial infarction and four-way bypass twenty-one months after the earlier evaluation is material evidence of his condition at the time of that evaluation. C. Reasonable Possibility of Different Conclusion
 There is also a "reasonable possibility" that the ALJ would have reached a different conclusion had this evidence been before him. See Cotton, 799 F.2d at 1409. The ALJ dismissed Agesyan's testimony concerning his subjective symptoms because he found that Agesyan lacked credibility. Evidence of severe coronary artery disease would have bolstered Agesyan's claim of chest pain. The ALJ also rejected the conclusions of Agesyan's treating physician, Dr. Ter-Zakarian, because his opinion was not supported by clinical findings. The new evidence would have supported Dr. Ter-Zakarian's conclusions, thus bolstering Agesyan's claim.
 The Commissioner relies on Ward v. Schweiker, 686 F.2d 762 (9th Cir.1982), for the proposition that new evidence indicating medical deterioration does not necessarily establish a "reasonable possibility" that such evidence would have changed the outcome of the prior decision. In Ward, the claimant was attempting to bring to bear new evidence of medical deterioration on a five-year-old claim, asserting that the new condition demonstrated a previous misdiagnosis. The Ward court disagreed, finding no necessary medical connection between her present and past conditions. Id. at 765-66.
 The present case is distinguishable from Ward. Evidence of Agesyan's present condition suggests a misdiagnosis of his coronary artery disease twenty-one months earlier. When a disease is known to progress in a slow, degenerative process, as is the case with coronary artery disease, new evidence of medical deterioration can be probative of a patient's condition at an earlier time. See Kemp, 522 F.2d at 969.
 Even though Agesyan's condition may have deteriorated during the period here, the extent of his coronary artery disease in November 1995 provides substantial, direct evidence that he was suffering from disabling angina in February 1994. Had this evidence been before the ALJ, there is a reasonable possibility that the ALJ would have found in Agesyan's favor.
 In 42 U.S.C. § 405(g), Congress manifested its intent that courts remand cases for the taking of new evidence in appropriate circumstances. As shown above, Agesyan has met all the criteria to demonstrate such circumstances. Accordingly, the judgment of the district court is reversed, and the case is remanded to the district court for remand to the Commissioner for further proceedings consistent with this memorandum disposition.
 REVERSED AND REMANDED.
 
 
 
 *
 Kenneth S. Apfel, sworn in as Commissioner of Social Security on September 29, 1997, replaces Shirley S. Chater as the defendant-appellee in this lawsuit
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Coronary artery disease is a progressive narrowing of the channels of the coronary arteries.... " 7 Attorney's Textbook of Medicine pp 30.50-30.51 (3d. ed.1997); see also Rosen v. Ciba-Geigy Corp., 78 F.3d 316, 319 (7th Cir.1996) (discussing the "long, gradual progression" of the plaintiff's coronary artery disease)