141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cosme GONZALEZ, Plaintiff-Appellant,
v.
Kenneth APFEL*, Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 97-15470.
D.C. No. CV-94-03785-VRW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 9, 1998***.
Decided Mar. 11, 1998.
 
 Appeal from the United States District Court for the Northern District of California Vaughn Walker, District Judge, Presiding.
 Before WOOD,**** HALL, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Appellant Cosme Gonzalez argues that the Administrative Law Judge ("ALJ") failed to carry out her legal duty--as codified in federal statutes and regulations--to fully and fairly develop the record during his Social Security disability hearing. Specifically, Gonzalez argues that the ALJ failed to obtain a disability opinion from James Eskridge, the Nurse Practitioner who was treating him.
 
 
 3
 Gonzalez did not raise this argument in his motion for summary judgment before the district court; however, he did raise it in his Rule 59(e) motion to alter or amend judgment. This court reviews the denial of a Rule 59(e) motion to alter or amend judgment for an abuse of discretion. See Fireman's Fund Ins. Co. v. Alaskan Pride Partnership, 106 F.3d 1465, 1470-71 (9th Cir.1997).
 
 
 4
 Gonzalez's attorney presents no justification for failing to raise the argument earlier. The disability opinions of Nurse Eskridge were available at the time of Gonzalez's motion for summary judgment, and the regulations were not subsequently changed. See Rosenfeld v. United States Dept. of Justice, 57 F.3d 803, 811 (9th Cir.1995) (holding that where a party "failed to show why it could not have presented the argument to the court before summary judgment....[t]he district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse").
 
 
 5
 In addition, while the ALJ has a duty to fully and fairly develop the record, the regulations state that it is the claimant's responsibility to provide the relevant evidence: "In general, you have to prove to us that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)." See 20 C.F.R. § 416.912(a). While the regulations state that medical reports should include a statement on the claimant's functional capacity based on the medical source's findings, see 20 C.F.R. 416.913(b)(6), the ALJ did not err in failing to obtain such a statement from Nurse Eskridge because a nurse practitioner is not an "acceptable medical source" under the regulations. See Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 209, 136 L.Ed.2d 144 (1996).[1] The ALJ did consider an opinion from Dr. Ross, who was an acceptable medical source, stating that Gonzalez was not disabled. The ALJ also considered a description of Gonzalez's medical condition (without an opinion on disability) by Nurse Eskridge.
 
 
 6
 Thus, the district court did not abuse its discretion in failing to alter or amend its judgment.
 
 II.
 
 7
 After the ALJ rendered its decision, Gonzalez attempted to introduce the supplemental opinions on disability from Nurse Eskridge. Gonzalez argues that the district court also erred by failing to remand his case to the ALJ in light of this new evidence.
 
 
 8
 The district court may remand a case for consideration of new evidence only where such evidence is material and good cause exists for failing to incorporate it into the record of the prior proceeding. See 42 U.S.C. § 405(g). Here, the district court held that Gonzalez failed to meet the good cause requirement, even though he presumably met the materiality requirement.
 
 
 9
 The district court noted that Gonzalez "has offered no explanation why he did not solicit this evidence from the Tom Waddell Clinic prior to the administrative hearing." On appeal, Gonzalez claims that he did not solicit this evidence earlier because he believed that the ALJ already possessed it. [ Blue, at 22.] However, this explanation was advanced neither in Gonzalez's motion for summary judgment before the district court, nor in his "Memorandum of Points and Authorities" in support of his motion to alter and amend judgment. Therefore, the district court did not abuse its discretion in refusing to find good cause for this reason. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (noting that a federal appellate court generally does not consider issues raised for the first time on appeal); Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 537 n. 6 (7th Cir.1992) ("A change in counsel does not give a party license to craft novel legal arguments that either were embryonic or completely overlooked in earlier proceedings").
 
 
 10
 Even if his new argument were properly before this court, Gonzalez does not show that he could not have obtained the evidence earlier. See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied") (emphasis added); see also Clem, 894 F.2d at 333 ("Clem offers no convincing reason why the evidence could not have been made available to the Secretary earlier").
 
 
 11
 Thus, the district court did not abuse its discretion in failing to remand the case in light of the new evidence. See Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990).[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 Kenneth S. Apfel, Commissioner, Social Security Administration, substituted for Shirley S. Chater
 
 
 **
 * This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 ** The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 While the statement from Nurse Eskridge that the ALJ did consider was also countersigned by a physician named "Black," and the subsequent statements were counter-signed by a physician named Stamos, there is no indication that either Black or Stamos consulted or worked closely with Nurse Eskridge such that they formed "an interdisciplinary team." See Gomez, id
 
 
 [2]
 There is also Ninth Circuit authority for the proposition that this court applies a de novo standard in determining whether the district court erred in refusing to remand. See Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380 (9th Cir.1984) ("The question of materiality of the new evidence is one of law reviewed de novo by this court.") (citing Georg v. Schweiker, 643 F.2d 582, 584 (9th Cir.1981)). However, Georg has been limited by this court to situations where evidence is presented for the first time to the appeals court. See Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir.1982) ("Unlike the situation in [Georg ], the new evidence at issue here was presented to the district court. There was no abuse of discretion in refusing to remand"). We need not resolve this issue, however, because Gonzalez's arguments fail under either standard of review